IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT KANSAS

| | | |
|---|---|---|
| JEAN-LOUISE BRUYERE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:22-cv-02525-TC-KGG |
| | ) | |
| PET-AG, INC. and PBI-GORDON | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT PET-AG, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Pet-Ag, Inc. ("Pet-Ag"), for its Answer to Plaintiff's Complaint, admits, denies and avers as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Answering paragraph 1 of Plaintiff's Complaint, Pet-Ag admits that it employed Plaintiff from January 16, 2017, until his termination on September 17, 2021. Pet-Ag denies that Plaintiff was employed by Defendant PBI-Gordon Corporation ("PBI-Gordon"). Further answering, Pet-Ag is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

2.      Answering paragraph 2 of Plaintiff's Complaint, Pet-Ag admits that it employed Plaintiff from January 16, 2017, until his termination on September 17, 2021, and that it manufactures and markets food products for animals. Pet-Ag denies the remaining allegations contained therein.

3.      Answering paragraph 3 of Plaintiff's Complaint, Pet-Ag denies that PBI-Gordon employed or jointly employed Plaintiff or that PBI-Gordon set various policies and procedures applicable to Plaintiff's employment. Upon information and belief, Pet-Ag admits that PBI-Gordon is a Missouri corporation with a principal place of business in Kansas. The remainder of

the allegations contained in paragraph 3 constitute a legal conclusion to which no response is required.

4.      Answering paragraph 4 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

## JURISDICTION AND VENUE

5.      Answering paragraph 5 of Plaintiff's Complaint, Pet-Ag states that the allegations contained in that paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Pet-Ag admits that it employed Plaintiff from January 16, 2017, until his termination on September 17, 2021. Pet-Ag denies the remaining allegations and specifically that PBI-Gordon employed Plaintiff.

6.      Answering paragraph 6 of Plaintiff's Complaint, Pet-Ag states that the allegations contained in that paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Pet Ag admits that this Court has subject matter jurisdiction of the federal and state law claims asserted against it. Pet-Ag denies the remaining allegations contained therein.

7.      Answering paragraph 7 of Plaintiff's Complaint, Pet-Ag states that the allegations contained in that paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Pet-Ag admits that jurisdiction over some of Plaintiff's claims is proper in the United States District Court of the District of Kansas as to Pet-Ag and that Plaintiff worked in and was terminated in the State of Kansas. Pet-Ag denies any wrongdoing or any other action or inaction giving rise to any of Plaintiff's claims and further denies any liability to Plaintiff. Further answering, Pet-Ag denies the remaining allegations contained therein and specifically that PBI-Gordon employed or terminated Plaintiff or that this Court has jurisdiction over PBI-Gordon.

8.      Answering paragraph 8 of Plaintiff's Complaint, Pet-Ag states that the allegations contained in that paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Pet-Ag admits only that venue may be proper in this Court as it relates to Pet-Ag. Further answering, Pet-Ag denies the remaining allegations contained therein, and expressly denies that any tortious or unlawful conduct occurred in this District or elsewhere giving rise to the allegations contained in Plaintiff's Complaint.

## FACTS

9.      Answering paragraph 9 of Plaintiff's Complaint, Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and therefore denies the same.

10.     Answering paragraph 10 of Plaintiff's Complaint, Pet-Ag admits that Plaintiff alleges he was born in 1953 in Morocco. Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in that paragraph and therefore denies the same.

11.     Answering paragraph 11 of Plaintiff's Complaint, Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and therefore denies the same.

12.     Answering paragraph 12 of Plaintiff's Complaint, Pet-Ag admits that Plaintiff speaks English and has spoken with an accent. Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in that paragraph and therefore denies the same.

13.     Answering paragraph 13 of Plaintiff's Complaint, Pet-Ag admits that it hired Plaintiff in January 2017 into the position of Senior Manager of International Sales. Pet-Ag denies the remaining allegations contained therein.

14.     Answering paragraph 14 of Plaintiff's Complaint, Pet-Ag admits only that Plaintiff performed the duties set forth in that paragraph when he held the position of Managing Director of International Sales. Pet-Ag denies the remaining allegations contained therein.

15.     Answering paragraph 15 of Plaintiff's Complaint, Pet-Ag admits that Plaintiff received a bonus during his employment. Pet-Ag denies the remaining allegations contained therein.

16.     Answering paragraph 16 of Plaintiff's Complaint, Pet-Ag admits that its fiscal year ran from November 1, 2020 to October 31, 2021 and that Plaintiff had a sales goal. Pet-Ag denies the remaining allegations contained therein.

17.     Answering paragraph 17 of Plaintiff's Complaint, Pet-Ag admits that Plaintiff was at approximately $8.1 million at the end of August 2021. Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in that paragraph and therefore denies the same.

18.     Answering paragraph 18 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

19.     Answering paragraph 19 of Plaintiff's Complaint, Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and therefore denies the same.

20.     Answering paragraph 20 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

21.     Answering paragraph 21 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

22.     Answering paragraph 22 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

23.     Answering paragraph 23 of Plaintiff's Complaint, Pet-Ag admits that Plaintiff reported an incident involving rusty milk cans that were shipped from the United States that cost Pet-Ag money. Pet-Ag denies the remaining allegations contained therein.

24.     Answering paragraph 24 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

25.     Answering paragraph 25 of Plaintiff's Complaint, Pet-Ag admits only that it became aware that a veterinarian in Spain requested a certain milk product to care for a baby dolphin in or around June or July 2021. Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in that paragraph and therefore denies the same.

26.     Answering paragraph 26 of Plaintiff's Complaint, Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and therefore denies the same. Pet-Ag further states that the unidentified appended photograph should be stricken.

27.     Answering paragraph 27 of Plaintiff's Complaint, Pet-Ag admits that Plaintiff advised that a baby dolphin required a specific milk replacer formula. Pet-Ag denies the remaining allegations contained therein.

28.     Answering paragraph 28 of Plaintiff's Complaint, Pet-Ag admits only that Plaintiff advised that a veterinarian in Spain requested formula for a dolphin.

29.     Answering paragraph 29 of Plaintiff's Complaint, Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and therefore denies the same.

30.     Answering paragraph 30 of Plaintiff's Complaint, Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and therefore denies the same.

31.     Answering paragraph 31 of Plaintiff's Complaint, Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and therefore denies the same.

32.     Answering paragraph 32 of Plaintiff's Complaint, Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph and therefore denies the same.

33.     Answering paragraph 33 of Plaintiff's Complaint, Pet-Ag admits that representatives met with Plaintiff on September 13, 2021. Pet-Ag denies the remaining allegations contained therein.

34.     Answering paragraph 34 of Plaintiff's Complaint, Pet-Ag admits that representatives discussed the Code of Business Ethics complaint that had been lodged against Plaintiff as well as the improper and possibly illegal creation and manipulation of shipping documents. Pet-Ag denies the remaining allegations contained therein.

35.     Answering paragraph 35 of Plaintiff's Complaint, Pet-Ag admits that representatives discussed the Code of Business Ethics complaint that had been made lodged against Plaintiff. Pet-Ag denies the remaining allegations contained therein.

36.     Answering paragraph 36 of Plaintiff's Complaint, Pet-Ag admits that representatives discussed the improper and possibly illegal creation and manipulation of shipping documents, which included the submission of inaccurate shipping documents for products being shipped to foreign countries. Pet-Ag denies the remaining allegations contained therein.

37.     Answering paragraph 37 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

38.     Answering paragraph 38 of Plaintiff's Complaint, Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph and therefore denies the same.

39.     Answering paragraph 39 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

40.     Answering paragraph 40 of Plaintiff's Complaint, Pet-Ag admits that Plaintiff was placed on paid administrative leave, pending review of Plaintiff's conduct. Pet-Ag denies the remaining allegations contained therein.

41.     Answering paragraph 41 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

42.     Answering paragraph 42 of Plaintiff's Complaint, Pet-Ag admits the allegations contained therein.

43.     Answering paragraph 43 of Plaintiff's Complaint, Pet-Ag admits Dari Brown was hired into the position of Vice President and General Manager in August 2021 to replace Rick Blomquist, a male in his 60s. Pet-Ag denies the remaining allegations and specifically that Mr. Blomquist was reassigned to a position at Pet-Ag.

44.     Answering paragraph 44 of Plaintiff's Complaint, Pet-Ag admits that Dari Brown is a female who was in her 40s when she was hired by Pet-Ag. Pet-Ag denies the remaining allegations contained therein.

45.     Answering paragraph 45 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

46.     Answering paragraph 46 of Plaintiff's Complaint, Pet-Ag admits that Dari Brown participated in the terminations of Dilip Patel, a male who was in his mid-50s who held the position of Research and Development Director, and Ann Holmes, a female in her early 60s who held the position of Vice President of Marketing. Pet-Ag further admits that Gilberto Velasco is a male in his 40s who is of Mexican origin. Pet-Ag lacks sufficient knowledge or information to form a belief as to whether Mr. Patel was born outside the United States and therefore denies the same. Further answering, Pet-Ag denies the remaining allegations contained therein.

47.     Answering paragraph 47 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

48.     Answering paragraph 48 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

49.     Answering paragraph 49 of Plaintiff's Complaint, Pet-Ag states that the allegations contained in that paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Pet-Ag admits that Plaintiff filed Charge No. 28D-2022-00365 against Pet-Ag with the EEOC; that the EEOC issued a notice of right to sue dated September 20, 2022 as to Charge No. 28D-2022-00365 against Pet-Ag; and that Plaintiff filed this lawsuit on December 19, 2022. Further answering, upon information and belief, Pet-Ag admits that Plaintiff filed Charge No. 28D-2022-00364 against PBI-Gordon with the EEOC; that Plaintiff voluntarily

withdrew Charge No. 28D-2022-00364 against PBI-Gordon; and that the EEOC did not issue a right to sue notice as to Charge No. 28D-2022-00364 against PBI-Gordon. Pet-Ag denies that Plaintiff exhausted his administrative remedies as to PBI-Gordon. Pet-Ag lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the paragraph and therefore denies the same.

50.     Answering paragraph 50 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

## CLAIMS

### COUNT I
### Violation of the Age Discrimination in Employment Act
### 29 U.S.C. § 621 et seq.
### Age Discrimination

51.     Answering paragraph 51 of Plaintiff's Complaint, Pet-Ag incorporates by reference its answers to paragraphs 1 through 50 of Plaintiff's Complaint and its Affirmative and Other Defenses as if fully restated herein.

52.     Answering paragraph 53 of Plaintiff's Complaint, Pet-Ag states that the allegations contained in that paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Pet-Ag admits that it employed Plaintiff and that Plaintiff attached a written consent to join as an exhibit to his Complaint, which is a written document that speaks for itself and all allegations inconsistent therewith are denied. Further answering, Pet-Ag denies the remaining allegations contained therein and specifically that PBI-Gordon employed Plaintiff.

53.     Answering paragraph 53 of Plaintiff's Complaint, Pet-Ag admits the allegations contained therein.

54.     Answering paragraph 54 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

55.     Answering paragraph 55 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

56.     Answering paragraph 56 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

57.     Answering paragraph 57 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

58.     Answering paragraph 58 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

59.     Answering paragraph 59 of Plaintiff's Complaint, Pet-Ag admits that Plaintiff attached a written consent to join as an exhibit to his Complaint, which is a written document that speaks for itself and all allegations inconsistent therewith are denied.

60.     Answering paragraph 60 of Plaintiff's Complaint, Pet-Ag denies that Plaintiff is entitled to the relief sought in that paragraph and all remaining allegations contained in that paragraph.

<strong><u>COUNT II</u></strong><br><strong>Violation of Title VII of the Civil Rights Act of 1964</strong><br><strong>42 U.S.C. § 2000e et seq.</strong><br><strong>National Origin Discrimination</strong>

61.     Answering paragraph 61 of Plaintiff's Complaint, Pet-Ag incorporates by reference its answers to paragraphs 1 through 60 of Plaintiff's Complaint and its Affirmative and Other Defenses as if fully restated herein.

62.     Answering paragraph 62 of Plaintiff's Complaint, Pet-Ag states that the allegations contained in that paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Pet-Ag admits that it employed Plaintiff. Pet-Ag denies the remaining allegations contained therein and specifically that PBI-Gordon employed Plaintiff.

63.     Answering paragraph 63 of Plaintiff's Complaint, Pet-Ag admits that Plaintiff alleges he was born outside the United States and that his country of birth is Morocco. Further answering, Pet-Ag lacks sufficient knowledge or information to form a belief as to remaining allegations contained in that paragraph and therefore denies the same.

64.     Answering paragraph 64 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

65.     Answering paragraph 65 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

66.     Answering paragraph 66 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

67.     Answering paragraph 67 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

68.      Answering paragraph 68 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

69.     Answering paragraph 69 of Plaintiff's Complaint, Pet-Ag denies that Plaintiff is entitled to the relief sought in that paragraph and all remaining allegations contained in that paragraph.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e et seq.**
**Sex Discrimination**

70.     Answering paragraph 70 of Plaintiff's Complaint, Pet-Ag incorporates by reference its answers to paragraphs 1 through 69 of Plaintiff's Complaint and its Affirmative and Other Defenses as if fully restated herein.

71.     Answering paragraph 71 of Plaintiff's Complaint, Pet-Ag states that the allegations contained in that paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Pet-Ag admits that it employed Plaintiff. Pet-Ag denies the remaining allegations contained therein and specifically that PBI-Gordon employed Plaintiff.

72.     Answering paragraph 72 of Plaintiff's Complaint, Pet-Ag admits the allegations contained therein.

73.     Answering paragraph 73 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

74.     Answering paragraph 74 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

75.     Answering paragraph 75 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

76.     Answering paragraph 76 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

77.     Answering paragraph 77 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

78.     Answering paragraph 78 of Plaintiff's Complaint, Pet-Ag denies that Plaintiff is entitled to the relief sought in that paragraph and all remaining allegations contained in that paragraph.

## COUNT IV
### Retaliation Under the ADEA and Title VII
### 29 U.S.C. § 621 et seq. and 42 U.S.C. § 2000e et seq.

79.    Answering paragraph 79 of Plaintiff's Complaint, Pet-Ag incorporates by reference its answers to paragraphs 1 through 78 of Plaintiff's Complaint and its Affirmative and Other Defenses as if fully restated herein.

80.    Answering paragraph 80 of Plaintiff's Complaint, Pet-Ag states that the allegations contained in that paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Pet-Ag admits that it employed Plaintiff and that Plaintiff attached a written consent to join as an exhibit to his Complaint, which is a written document that speaks for itself and all allegations inconsistent therewith are denied. Pet-Ag denies the remaining allegations contained therein and specifically that PBI-Gordon employed Plaintiff.

81.    Answering paragraph 81 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein and specifically that PBI-Gordon employed Plaintiff.

82.    Answering paragraph 82 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

83.    Answering paragraph 83 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

84.    Answering paragraph 84 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

85.    Answering paragraph 85 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

86.    Answering paragraph 86 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

87.     Answering paragraph 87 of Plaintiff's Complaint, Pet-Ag admits that Plaintiff attached a written consent to join as an exhibit to his Complaint, which is a written document that speaks for itself and all allegations inconsistent therewith are denied. Pet-Ag denies that PBI-Gordon is a proper party to this lawsuit.

88.     Answering paragraph 88 of Plaintiff's Complaint, Pet-Ag denies that Plaintiff is entitled to the relief sought in that paragraph and all remaining allegations contained in that paragraph.

**COUNT V**
**Breach of Implied Contract**

89.     Answering paragraph 89 of Plaintiff's Complaint, Pet-Ag incorporates by reference its answers to paragraphs 1 through 88 of Plaintiff's Complaint and its Affirmative and Other Defenses as if fully restated herein.

90.     Answering paragraph 90 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

91.     Answering paragraph 91 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

92.     Answering paragraph 92 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

93.     Answering paragraph 93 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

94.     Answering paragraph 94 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

95.     Answering paragraph 95 of Plaintiff's Complaint, Pet-Ag denies that Plaintiff is entitled to the relief sought in that paragraph and all remaining allegations contained in that paragraph.

### COUNT VI
### Violation of the Kansas Wage Payment Act

96.     Answering paragraph 96 of Plaintiff's Complaint, Pet-Ag incorporates by reference its answers to paragraphs 1 through 95 of Plaintiff's Complaint and its Affirmative and Other Defenses as if fully restated herein.

97.     Answering paragraph 97 of Plaintiff's Complaint, Pet-Ag states that it had a bonus structure in place during Plaintiff's employment that contained eligibility and other requirements. Pet-Ag denies the remaining allegations contained therein and specifically that Plaintiff was entitled to a bonus under any PBI-Gordon bonus structure.

98.     Answering paragraph 98 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

99.     Answering paragraph 99 of Plaintiff's Complaint, Pet-Ag denies the allegations contained therein.

100.    Answering paragraph 100 of Plaintiff's Complaint, Pet-Ag denies that Plaintiff is entitled to the relief sought in that paragraph and all remaining allegations contained in that paragraph.

### JURY DEMAND

101.    The unnumbered sentence following the heading "Jury Demand" contains a demand for a jury trial to which no response is required. To the extent a response is necessary, Pet-Ag admits that Plaintiff has requested a jury trial in this matter, but it denies that Plaintiff has stated

any claim in his Complaint that could proceed to a jury trial. All allegations of wrongdoing or unlawful conduct by Pet-Ag are denied.

## DESIGNATION OF PLACE FOR TRIAL

102.   The unnumbered sentence following the heading "Designation of Place for Trial" contains a designation of place of trial to which no response is required. To the extent a response is necessary, Pet-Ag admits that Plaintiff has designated Kansas City as the place for trial.

## PRAYER FOR RELIEF

103.   The unnumbered paragraph, including sub-paragraphs (A)-(I), following the heading "Prayer for Relief" contains prayers for relief to which no response is required. To the extent a response is necessary, Pet-Ag denies that Plaintiff is entitled to any of the relief sought. Pet-Ag respectfully requests that this Court deny Plaintiff the relief sought in that paragraph, dismiss Plaintiff's Complaint with prejudice, award Pet-Ag its reasonable attorneys' fees to the extent allowed by law and costs, and grant Pet-Ag all other relief as is just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

1.   Pet-Ag denies each and every allegation contained in Plaintiff's Complaint which has not been specifically admitted.

2.   Plaintiff's Complaint and each Count thereof fails, in whole or in part, to state a claim upon which relief may be granted.

3.   To the extent Pet-Ag discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant discharge or other employment action under company policy, practice, or procedure, Plaintiff's alleged damages will be limited in accordance with the after acquired evidence doctrine.

4.      Pet-Ag denies any and all liability to Plaintiff and further denies that Plaintiff has suffered any damages.  However, if liability is established, Pet-Ag is entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings Plaintiff could have earned had he made a reasonable effort to mitigate his damages as required by law. Pet-Ag is also entitled to any other additional offsets permissible under all applicable laws.

5.      To the extent Plaintiff has failed to reasonably mitigate his alleged damages as required by law, he is not entitled to an award of back pay or front pay.

6.      Any decisions concerning Plaintiff's employment were based on legitimate, nondiscriminatory, non-retaliatory reasons.

7.      All actions Pet-Ag took with regard to Plaintiff were in good faith and based on reasonable factors other than age.

8.      Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and/or justification.

9.      To the extent that Plaintiff has failed to exhaust his administrative remedies with regard to some or all of the claims asserted for which exhaustion is required under federal and/or state law, such claims are barred. Additionally, all claims not made the subject of a charge timely filed with the appropriate federal and/or state agency are time-barred.

10.      Damages, if any, were the result of Plaintiff's own actions and/or inactions.

11.      If Plaintiff suffered damages, which is specifically denied, such injuries were caused by others and not caused by Pet-Ag.

12.     Plaintiff's claims are barred because Pet-Ag acted in good faith to comply with all applicable laws, and any alleged wrongdoing or unlawful conduct, which Pet-Ag denies occurred, is contrary to Pet-Ag's good-faith efforts.

13.     Recovery is barred in this action by reason of the statute of frauds and the applicable statutes of limitations.

14.     Pet-Ag would have taken the same actions concerning Plaintiff in the absence of any alleged impermissible motivating or determining factor and, therefore, any alleged damages or relief sought by Plaintiff must be appropriately limited or restricted.

15.     Pet-Ag exercised appropriate business judgment in making employment decisions concerning Plaintiff.

16.     To the extent Plaintiff seeks an award of punitive damages, Plaintiff's claim for punitive damages must be proven by clear and convincing evidence.

17.     To the extent Plaintiff seeks an award of punitive damages, Plaintiff has failed to allege sufficient facts to give rise to a claim for punitive or exemplary damages against Pet-Ag.

18.      Any award of punitive damages deprives Pet-Ag of property without due process of law in violation of Pet-Ag's rights under federal and/or state constitutions, and the standard for determining whether to impose punitive damages is vague and indefinite, does not provide adequate guidance to the trier of fact, and fails to require proof of an appropriate standard.

19.     Any action taken by Pet-Ag giving rise to a claim for damages, the existence which Pet-Ag specifically denies, was not undertaken maliciously and did not demonstrate any reckless indifference to Plaintiff's rights under the law.

20.     Plaintiff's claims against Pet-Ag are barred because the alleged actions of Pet-Ag, which are denied, were not intentional, malicious, willful or reckless.

21.     Even if Plaintiff were able to prove a violation of the ADEA, which Pet-Ag expressly denies, Plaintiff would not be entitled to liquidated damages because any such violation was not a willful violation.

22.     Any compensatory or punitive damages sought by Plaintiff by virtue of his Title VII claims against Pet-Ag are limited to the amounts authorized by 42. U.S.C.§ 1981a(b).

23.     Plaintiff was an employee at-will.

24.     Plaintiff cannot establish a claim for breach of contract against Pet-Ag because Plaintiff cannot establish the essential elements of the claim, including the existence of a valid contract between the parties, sufficient (or any) consideration to support the contract, performance, breach, and damages suffered by Plaintiff as a result of the alleged breach.

25.     Plaintiff cannot establish a claim for breach of implied contract against Pet-Ag because Plaintiff cannot establish the essential elements of the claim, including the existence of a mutual intent to contract and a meeting of the minds between Pet-Ag and Plaintiff.

26.     Plaintiff cannot establish a claim for breach of implied contract against Pet-Ag because the implied contract Plaintiff alleges exists, the existence of which Pet-Ag denies, is unconscionable.

27.     Plaintiff's claims are barred, in whole or in part, because Pet-Ag substantially performed under any alleged implied contract, the existence of which Pet-Ag denies.

28.     Plaintiff's claims are barred, in whole or in part, because Pet-Ag's alleged non-performance under any alleged implied contract, the existence of which Pet-Ag denies was justified by Plaintiff's actions.

29.     Pet-Ag reserves the right to assert any additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Pet-Ag prays for judgment in its favor and against Plaintiff and for reasonable attorneys' fees and costs incurred in connection with this litigation, and for any other relief the Court deems just and proper.

Dated:  January 25, 2023

Respectfully submitted,

LATHROP GPM LLP

*/s/ Jill Waldman*
Jill Waldman (KS Bar #19634)
Brian N. Woolley (KS #70007)
Ellen C. Rudolph (KS Bar #27945)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone:  816.292.2000
Telecopier:  816.292.2001
jill.waldman@lathropgpm.com
brian.woolley@lathropgpm.com
ellen.rudolph@lathropgpm.com

ATTORNEY FOR DEFENDANT
PET-AG, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day January 2023, a true and accurate copy of the above and foregoing was filed electronically via the Court's CM/ECF electronic filing system, which will notification of such filing to counsel of record.

*/s/ Jill Waldman*
Attorney for Defendant
Pet-Ag, Inc.

50272806v1